1 | MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
2 | KIMBERLY A. PAESE (State Bar No. 258594)
kap@severson.com
3 | SEVERSON & WERSON
A Professional Corporation
4 | One Embarcadero Center, Suite 2600
San Francisco, California 94111
5 | Telephone: (415) 398-3344
Facsimile: (415) 956-0439
6 |
Attorneys for Defendants
7 | U.S. Bank, N.A. AS TRUSTEE FOR RFMSI
2006-SA2 (erroneously sued herein in its
8 | individual capacity). GMAC MORTGAGE,
LLC(erroneously sued herein as "GMAC
9 | Mortgage"), and EXECUTIVE TRUSTEE
SERVICES, LLC
10 |

*FILED*

*JAN 28 2013*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

11 | **UNITED STATES DISTRICT COURT**

12 | **NORTHERN DISTRICT OF CALIFORNIA**

*JSC*

13 |

14 | JEFFREY T. STAMMER,

Case No. ~~TBD~~ **13  0387**

15 |      Plaintiff,

**NOTICE OF REMOVAL**

16 |      vs.

28 U.S.C. § 1332 [Diversity Jurisdiction]

17 | US BANK NATIONAL ASSOCIATION;
EXECUTIVE TRUSTEE SERVICES, LLC;
18 | GMAC MORTGAGE; and DOES 1 through
50,
19 |
     Defendants.
20 |

[Removed from Superior Court of the State of
California in and for the County of Sonoma,
Case No. SCV252894 ]

Action Filed:    December 12, 2012
Trial Date:      None Set

21
22
23
24
25
26
27
28

19000.1457/2538397.1

**ORIGINAL**

1 | **TO PLAINTIFF, THE CLERK OF THE ABOVE-ENTITLED COURT, AND THE**
2 | **HONORABLE UNITED STATES DISTRICT JUDGE:**

3 |      PLEASE TAKE NOTICE that defendants U.S. Bank, N.A. as Trustee for RFMSI 2006-
4 | SA2 (erroneously sued herein in its individual capacity) (hereinafter, "U.S. Bank"), GMAC
5 | Mortgage, LLC (erroneously sued herein as "GMAC Mortgage") (hereinafter, "GMAC
6 | Mortgage"), and Executive Trustee Services, LLC (hereinafter, "ETS") (collectively hereinafter,
7 | "Defendants"), hereby remove the above-captioned action from the Superior Court of the State of
8 | California in and for the County of Sonoma to the United States District Court for the Northern
9 | District of California, San Francisco Division, based on diversity of citizenship pursuant to 28
10 | U.S.C. sections 1441 and 1332, as further alleged below:

11 |     1.    Plaintiff Jeffrey T. Stammer (hereinafter, "Plaintiff") initiated the present action by
12 | filing a complaint in the Superior Court of California in and for the County of Sonoma on
13 | December 12, 2012, where it was assigned case number SCV252894 (hereinafter, "State Court
14 | Action").

15 |     2.    GMAC Mortgage was personally served with a summons and a copy of the
16 | complaint in the State Court Action on December 31, 2012. ETS was personally served with a
17 | summons and a copy of the Complaint in the State Court Action on January 2, 2013. Upon
18 | information and belief, U.S. Bank has not yet been served with a summons and/or copy of the
19 | Complaint in the State Court Action. Therefore, removal is timely under 28 U.S.C. section
20 | 1446(b).

21 |     3.    Defendants have not yet responded to the complaint in the State Court Action.

22 |     4.    Removal to this district is proper because this is the district which embraces the
23 | county in which Plaintiff filed the State Court Action. (*See* 28 U.S.C. § 1441(a).)

24 |     5.    Removal to the San Francisco Division of the United States District Court for the
25 | Northern District of California is proper because this district and division encompass the county of
26 | Sonoma, where Plaintiff filed the State Court Action. (*See* 28 U.S.C. § 1441(a).)

27 |     6.    Defendants are entitled to remove the State Court Action because this Court has
28 | original jurisdiction of this case pursuant to 28 U.S.C. section 1332 in that it is an action that may

19000.1457/2538397.1         1

1 be removed to this Court pursuant to 28 U.S.C. section 1441(b) because it is a civil action between
2 citizens of different states and involves an amount in controversy that exceeds the sum or value of
3 $75,000.00, exclusive of costs and interest.

4     7.     Complete diversity of citizenship exists in this case because "no defendant in this
5 action has the same citizenship as the plaintiff." (*Republic Western Ins. Co. v. International Ins.*
6 *Co.* 765 F.Supp. 628, 629 (N.D. Cal. 1991); 28 U.S.C. § 1332(a)(1).) Specifically:

7     (a)     *Plaintiff* is, and, at the time he filed the Complaint was, a citizen of the
8 State of California. (*See* Complaint (hereinafter, Compl."), ¶ 3; *see also*
9 *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (residence and
10 property ownership are factors in domicile for diversity jurisdiction); *State*
11 *Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)
12 ("[P]lace of residence is prima facie the domicile.").)

13     (b)     *GMAC Mortgage* is not, and at the time that Plaintiff filed the Complaint,
14 was not, a citizen of the State of California. GMAC Mortgage is a
15 Delaware limited liability company and a citizen of the States of Michigan
16 and Delaware, the states of which its members are citizens. A limited
17 liability company is a citizen of every state in which its owners or members
18 are citizens. (*Johnson v. Columbia Properties Anchorage LP,* 437 F.3d
19 894, 899 (9th Cir. 2006); *GMAC Commercial Credit LLC v. Dillard Dept.*
20 *Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004).)

21     (i)     GMAC Mortgage is a wholly owned subsidiary of GMAC
22 Residential Holding Company, LLC, a Delaware limited liability
23 company.
24     (ii)     GMAC Residential Holding Company, LLC is a wholly owned
25 subsidiary of Residential Capital, LLC, a Delaware limited liability
26 company.
27     (iii)     Residential Capital, LLC is owned by GMAC Mortgage Group
28 LLC, a Delaware limited liability company which holds 99%

1                      interest, and ResCap Investments LLC, a Delaware limited liability

2                      company, which holds 1% interest.

3              (iv)    GMAC Mortgage Group LLC is a wholly owned subsidiary of Ally

4                      Financial Inc., a Delaware corporation with its principal place of

5                      business in Michigan. ResCap Investments LLC is a wholly owned

6                      subsidiary of GMAC Mortgage Group, LLC.

7        (c)    *ETS* is not, and, at the time Plaintiff filed the Complaint, was not, a citizen

8              of the State of California. ETS is a Delaware limited liability company and

9              a citizen of the States of Michigan and Delaware, the states of which its

10             members are citizens.

11            (i)     ETS is a wholly owned subsidiary of GMAC Mortgage.

12            (ii)    GMAC Mortgage, LLC a Delaware limited liability company, is a

13                    wholly owned subsidiary of GMAC Residential Holding Company,

14                    LLC, a Delaware limited liability company.

15            (iii)   GMAC Residential Holding Company, LLC is a wholly owned

16                    subsidiary of Residential Capital, LLC, a Delaware limited liability

17                    company.

18            (iv)    Residential Capital, LLC is owned by GMAC Mortgage Group

19                    LLC, a Delaware limited liability company which holds 99%

20                    interest, and ResCap Investments LLC, a Delaware limited liability

21                    company which holds 1% interest in Residential Capital,

22                    LLC. GMAC Mortgage Group LLC is a wholly owned subsidiary

23                    of Ally Financial Inc., a Delaware corporation with its principal

24                    place of business in Michigan.

25        (d)    *U.S. Bank* is not, and at the time Plaintiff filed the Complaint, was not, a

26              citizen of the State of California. U.S. Bank is a citizen of the State of

27              Ohio, where U.S. Bank is chartered as a national banking association. (28

28              U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *see*

1          *also* Compl., ¶ 4.)

2          (e)     The citizenship of Does 1 through 10 has no impact on whether complete

3                  diversity exists between plaintiff and defendants. (*See* 28 U.S.C. section

4                  1441(a) ("the citizenship of defendants sued under fictitious names shall be

5                  disregarded.").)

6          8.     The amount in controversy exceeds $75,000.00. (28 U.S.C. § 1332(a).) Generally,

7   "[t]he amount in controversy is determined from the allegations or prayer of the

8   complaint." (WILLIAM W. SCHWARZER, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 2:1782

9   (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (holding that

10  inability to recover an amount adequate to give court jurisdiction does not oust court of

11  jurisdiction ).) "In actions seeking declaratory or injunctive relief, it is well established that the

12  amount in controversy is measured by the value of the object of the litigation. If the primary

13  purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is

14  the object of the litigation." (*Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at

15  *12-13 (N.D. Cal. 2010) (internal citations omitted).)

16          Here, Plaintiff seeks to quiet title to the subject property in his name alone. (Compl., ¶ 2;

17  *see also* Compl., ¶ 40.) Plaintiff also seeks to have the underlying deed of trust, in the amount of

18  $471,700, declared void.[1] (*Id.* at ¶ 76(1).) Plaintiff also seeks to permanently enjoin Defendants

19  from conducting a foreclosure on the subject property. (*Id.* at ¶¶ 74, 76.) Plaintiff also seeks to

20  declaratory relief relating to the $471,700 subject refinance loan. (*Id.* at ¶ 76.) Furthermore,

21  Plaintiff seeks compensatory damages, special damages, general damages, punitive damages, costs

22  of suit, and prejudgment interest. (*Id.* at ¶ 4.) Based on these allegations, it is facially apparent

23  from the Complaint that the amount in controversy in this action exceeds $75,000.00.

24  ///

25

26  [1] *See also* Deed of Trust recorded on March 3, 2006 in the official records of Contra Costa County

27  as document number 2006025215 attached as Exhibit 1 to concurrently filed Request for Judicial
    Notice.

28

NOTICE OF REMOVAL

1    9.    Defendants are the only defendants named in this action. Thus, no joinder to this

2 notice of removal is necessary.

3    10.    Pursuant to 28 U.S.C. section 1446(d), a copy of this notice of removal with its

4 attachments will be promptly served on Plaintiff, and notice thereof will be filed with the Clerk of

5 Superior Court of the State of California in and for the County of Sonoma.

6    11.    Pursuant to 28 U.S.C. section 1446(a), the only pleadings and orders filed in the

7 State Court Action, and which are within the possession of Defendants, are attached to this notice.

8 Specifically,

9              (a)    A copy of the Complaint is attached hereto as **Exhibit A**.

10             (b)    On December 13, 2012, the court in the State Court Action granted

11                    Plaintiff's *ex parte* request for a temporary restraining order enjoining the

12                    trustee's sale and set an OSC re preliminary injunction for February 19,

13                    2013. A copy of the moving papers and a copy of the relevant order are

14                    attached hereto as **Exhibit B**.

15             (c)    On December 13, 2012, the court in the State Court Action also granted

16                    Plaintiffs' *ex parte* request to record a notice of pendency of action related

17                    to the instant underlying action. A copy of the relevant papers and a copy

18                    of the order are attached hereto as **Exhibit C**.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

19000.1457/2538397.1                              5

1    WHEREFORE, Defendants hereby remove Superior Court of the State of California in and

2  for the County of Sonoma Case No. SCV252894 to the United States District Court for the

3  Northern District of California, San Francisco Division.

4  DATED: January 28, 2013                    SEVERSON & WERSON
                                               A Professional Corporation
5

6

7                                             By:

8                                                   Mary Kate Sullivan
                                                    Kimberly A. Paese
9

10                                            Attorneys for Defendants
                                              U.S. Bank, N.A. AS TRUSTEE FOR RFMSI 2006-SA2
11                                            (erroneously sued herein in its individual capacity).
                                              GMAC MORTGAGE, LLC(erroneously sued herein as
12                                            "GMAC Mortgage"), and EXECUTIVE TRUSTEE
                                              SERVICES, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19000.1457/2538397.1                          6

# Exhibit A

1  Jeffrey T. Stammer
   1515 San Ramon Way
2  Santa Rosa, CA 95403
   Telephone: (707) 321-8468
3  Facsimile: (707) 585-0491

4  Plaintiff In Pro Per

**FILED**

DEC 1 2 2012

Clerk of the Superior Court of California,
County of Sonoma
By_____

5

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
                     COUNTY OF SONOMA
9

                                              252894
10  JEFFREY T. STAMMER                ) Case No.:
                                      ) VERIFIED COMPLAINT FOR
11          Plaintiff,                ) QUIET TITLE,
                                      ) FRAUD,
12      vs.                           ) NEGLIGENT MISREPRESENTATION,
                                      ) VIOLATION OF BUSINESS AND
13  US BANK NATIONAL ASSOCIATION;     ) PROFESSIONS CODE§17200, and
    EXECUTIVE TRUSTEE SERVICES, LLC;  ) DELCARATORY RELIEF
14  GMAC MORTGAGE;                AND ) RESPA, TILA, FDCPA,
15  and DOES 1 through 50.            ) PREDITORY LENDING
                                      )
16      Defendants.                   )
                                      ) DEMAND FOR JURY TRIAL
17  _____

18

19      PLAINTIFF, JEFFREY T. STAMMER, (hereinafter "Plaintiff") and for his

20  verified Complaint hereby alleges and states under oath as follows:

21              **STANDARD OF REVIEW FOR *PRO SE* PLEADINGS**

22

23      1. Plaintiff admits to some technical missteps attributable to the learning curve.

24  However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff

25  is proceeding without the benefit of legal counsel. Additionally, he is not a practicing

26  attorney nor has she been trained in the complex study of law. As such, Plaintiff's pro se

27  papers are to be construed liberally. See *Haines v. Kerner*, 404 U.S. 519-20, (1972). "A

28

1    pro se litigant should be given a reasonable opportunity to remedy defects in his

2    pleadings if the factual allegations are close to stating a claim for relief." *Hall v. Bellmon*,

3    935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly such pleadings should be held to a

4

5    less stringent standard than those drafted by licensed, practicing attorneys.

6        Plaintiff moves the court to take JUDICIAL NOTICE OF ADJUDICATIVE

7    FACTS; of the relevant documents as if fully set forth herein.

8

9    2. Plaintiff, hereby files this Complaint against the Defendant to Quiet Title with

10   respect to a certain parcel of real estate and in support thereof avers as follows:

11

12                              **PARTIES**

13   3. Plaintiff Jeffrey T. Stammer, a married man, is a California consumer and resident

14

15       of Sonoma County.

16   4. Plaintiff is informed and believes and thereon alleges that defendant US BANK

17   NATIONAL ASSOCIATION (hereinafter "US") is and at all times herein mentioned was, an

18   individual, a corporation, association, partnership, joint venture, and/or sole proprietorship

19   assumed organized and existing under the laws of the State of Ohio and per the California

20

21   Secretary of State not listed to do business in California.

22   5. Plaintiff is informed and believes and thereon alleges that defendant EXECUTIVE

23   TRUSTEE SERVICES, LLC dba ETS SERVICES LLC (hereinafter "ETS") is and at all times

24   herein mentioned was, an individual, a corporation, association, partnership, joint venture, and/or

25

26   sole proprietorship organized and existing under the laws of the State of California and/or

27   maintaining offices in Burbank, CA.

28

VERIFIED COMPLAINT FOR QUIET TITLE, FRAUD, NEGLIGENT MISREPRESENTATION, VIOLATION OF BUSINESS AND
PROFESSIONS CODES§17200 and DELCARATORY RELIEF                                                    Page 2

1    6. Plaintiff is informed and believes and thereon alleges that defendant GMAC

2    MORTGATE (hereinafter "GMAC") is and at all times herein mentioned was, an individual, a

3    corporation, association, partnership, joint venture, and/or sole proprietorship organized and

4

5    existing under the laws of the State of Deleware and maintaining Agent for service of process in

6    Sacramento, CA.

7                              **JURISDICTION AND VENUE**

8        Because the nature and cause of these proceedings involves matters and disputes in

9    controversy surrounding the subject property Situated in the State of California, Town of

10   Windsor, County of Sonoma, and described as follows: Lot 411 as shown on that certain map

11   entitled Vintage Greens Subdivision, Phase 5, filed for record in the Office of the County

12   Recorder of Sonoma County on July 27, 2005 in Book 678 of Maps, Pages 47 through 53,

13   inclusive, Sonoma County Records.

14       7. thus this Court's the appropriate venue in which these proceedings may be

15

16   commenced.

17       8. The amount in controversy exceeds $25,000.

18

19                                  **INTRODUCTION**

20   9. All persons unknown, claiming any legal or equitable right, title, estate, lien or interest in

21   the Subject Property adverse to Plaintiffs' title thereto and as DOES 1 through 50 (hereinafter

22   "Unknown Defendants") are unknown to Plaintiffs. These Unknown Defendants and each of

23   them claim some right, title, estate, lien or interest in the Subject Property herein described as

24

25   adverse to Plaintiffs' title and their claims and each of them constitute a cloud on Plaintiffs' title

26   to the Subject Property. Plaintiffs is informed and therefore believes, and on that basis alleges

27   that each fictitiously named herein as DOE is responsible for the events happening hereinafter

28

1  alleged. Plaintiffs will seek leave of the Court to amend this Complaint to allege the true names

2  and capacities of said factiously named defendants when ascertained.

3  10. Plaintiffs is informed and therefore believes and on that basis alleges that at all times

4  mentioned herein, the Unknown Defendants are individuals and/or business entities whose forms

5  are unknown and were agents, principals, employees, employers and co-conspirators of each and

6  every other named or unnamed defendant in this Complaint. Plaintiffs is informed and therefore

7

8  believes and on that basis alleges that each of the defendants is and at all relevant times herein,

9  was acting within the scope and consent of the remaining named and unnamed defendants.

10  11. Whenever in this Complaint an act or omission of a corporation or business entity is

11  alleged, the allegation shall be deemed to mean and include an allegation that the corporation or

12  business entity acted or omitted to act through its authorized officers, directors, agents, servants,

13

14  and/or employees, acting within the course and scope of their duties, that the act or omission was

15  authorized by corporate managerial officer or directors, and that the act or omission was ratified

16  by the officers and directors of the corporation or business entity.

17

18  12. Plaintiffs have demanded verified responses and documents on July 18, 2012 by sending

19  to Paul Financial LLC and GMAC MORTGAGE; a Qualified Written Request (QWR), Notice

20  of Right to Cancel by Truth in Lending Act (TILA), and Verification by the Fair Debt Collection

21  Practices Act (FDCPA 15 US 1692). As of this date, no verified proof of any of the above has

22  been received by Plaintiffs. (EXHIBIT A).

23

24  13. On August 16, 2012, Defendant "US" as Trustee for RFMSI 2006-SA2 C/O "ETS"

25  caused to be recorded a Notice of Default (document 2012079461) a copy is attached hereto as

26  (Exhibit B) and incorporated by this reference as though fully set forth herein.

27

28

14. On November 19, 2012 Defendant "ETS" caused to be recorded a Notice of Trustee Sale (document 2012115531) a copy is attached hereto as (Exhibit C) and incorporated by this reference as though fully set forth herein.

15. On October 15, 2012 Plaintiff served on Defendants Lawful Notice of Plaintiffs Affidavit of Status and Affidavit of Interest, and no response from any Defendant was forthcoming. A copy is attached hereto as (Exhibit D) and incorporated by this reference as though fully set forth herein.

16. On October 15, 2012 Plaintiff served on Defendants REQUEST FOR VERIFICATION OF DEBT as outlined in 15 USC 1692, and no response was forthcoming. A copy is attached hereto as (Exhibit E) and incorporated by this reference as though fully set forth herein.

17. Plaintiff brings suit under California law for Quite Title Action under CCP 760.010 et seq. and under other theories described herein.

18. Plaintiff seeks declaratory relief as to what (if any) party, entity or individual or group thereof is the owner of the promissory Note executed at the time of the loan closing, and whether the Deed of Trust (Mortgage) secures any obligation of the Plaintiff and in the alternative a Final Judgment granting Plaintiff Quiet Title in the subject property

19. Plaintiff holds title to and is the TRUE OWNER its subject property at: 8143 Luisa Way, Windsor, CA; is the subject Property in this matter ("the property"); relative to any or all known or unknown claimants who may claim to have an interest in these proceedings.

20. Plaintiff acquired the subject property by Grant deed on March 3, 2006.

VERIFIED COMPLAINT FOR QUIET TITLE, FRAUD, NEGLIGENT MISREPRESENTATION, VIOLATION OF BUSINESS AND PROFESSIONS CODES§17200 and DELCARATORY RELIEF

Page 5

1   21. Upon information and belief, Plaintiff allegedly entered into a promissory Note

2   ("Note") with the alleged original lender PAUL FINANCIAL LLC on March 3, 2006.

3   22. Plaintiff NEVER signed a Note for and/or to Defendants. Plaintiff NEVER took a

4
5   loan from Defendants.

6   23. Plaintiff NEVER accepted, offered or transferred any thing of value and/or made

7   any deal of any type with Defendants.

8
9   24. Plaintiff denies the loan, the debt, the default, the alleged Note, the alleged Deed

10   of Trust, Defendant's right to collection or enforcement of the alleged Note or alleged

11   Deed of Trust because Plaintiff never did any business with Defendants.

12
13   25. Plaintiff denies all alleged signatures and alleges any and all signatures may be

14   forgeries and/or "photoshopped."

15   26. Plaintiff contends all alleged signatures relevant in any way to any alleged

16   assignments if true signatures were obtained through trickery, deceit and fraud.
17
18   27. Plaintiff has the right and has been deprived of the right by Defendant; to see all

19   books and records relevant to Defendant's claims.

20   28. Plaintiff contends and alleges Defendant does not possess the books, records
21
22   and/or documents Defendants claims to possess.

23   29. The source of alleged funds was a stranger to the documentation that Plaintiff

24   signed.
25
26             **CRIMINAL ACTS**
27
28   30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

1  though fully set forth herein.

2
3  31. Defendants unlawfully commenced a fraudulent and unlawful conveyance of real

4  property on the criminal act of filing a false and/or forged document into a public office,

5  a felony under California law; and in violation of, *inter alia*, CPC §115(a) and others.

6
7  32. Mortgage Electronic Registration Services (hereinafter MERS) is listed on the

8  Deed of Trust filed on March 3, 2006 Document #2006025215 in Sonoma County and as

9  acting solely as a nominee for Lender. MERS is the beneficiary under this Security

10  Instrument. MERS has been SUSPENDED to legally operate in the State of California

11  and FAILED TO RECORD proper documents thereby breaking the chain of title. (the

12  public record is sacrosanct) and MERS conspired with Defendant to defraud this Court,

13
the body politic and Plaintiff by purposefully failing to record alleged assignments,

14
15  alleged substitutions of trustees, and/or other documents thereby conspiring to destroy

16  and purposefully destroying the integrity of the public record for Defendant's and MERS

17  financial gain.

18
19  33. MERS conspired with Defendant to defraud the county recorder by purposefully

20  failing to record alleged assignments, alleged substitutions of trustees, and/or other

21  documents in a conspiracy to evade fees, costs, payments, taxes and/or the like lawfully

22
due the county records office.

23
24  34. MERS recorded the Deed of Trust without the accompanying Promissory Note, thereby

25  separating them, thereby invalidating the Security. Defendants, through MERS Decoupling

26  Separation violates the long-standing precedence of *Carpenter v. Logan, 83 U.S. 271*.

27              **FIRST CASUE OF ACTION**
28                   **Quiet Title**

1

(As to all Defendants)

2    35. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

3    fully set forth herein.

4    36. Pursuant to California Code of Civil Procedure §§760.010 *et seq.*, Plaintiffs seek to

5    quiet title on the Subject Property with the legal description as set forth in Exhibit "A".

6

7    37. On March 3, 2006, Plaintiffs is at all times herein mentioned the legal owner and/or

8    entitled to possession of the Subject Property, and not bound to Defendants now owners

9    Defendants any duty under the Note and Deed of Trust.

10   38. As of November 19, 2012, defendant "ETS", purportedly *acting as trustee* for the

11   benefit of defendant GMAC *acting as servicer* and "US" as Trustee for RFMSI 2006-SA2

12

13   *acting as beneficiary* is seeking to sell the Subject Property. The purported beneficiary, MERS,

14   which no longer exists as an entity to Operate in California as Nominee for PAUL FINANCIAL

15   SERVICES on the original Deed of Trust, and it is unclear what entity is claiming to be the

16   beneficiary of the Deed Of Trust that defendant EXECUTIVE TRUSTEE SERVICE LLC is

17

18   seeking to enforce.

19   39. Plaintiffs are informed and therefore believe and thereupon allege that Defendants,

20   and each of them, claim an interest in the Subject Property adverse to Plaintiffs. However, as a

21   result of the conduct more fully described the preceding allegations, the claim of Defendants is

22

23   without any right whatsoever, and said Defendants have no legal or equitable right, claim, or

24   interest in the Subject Property.

25   40. Plaintiffs therefore seeks a declaration that the title to the Subject Property is vested

26   in Plaintiffs alone and that the Defendants herein, and each of the, be declared to have no estate,

27   right, title or interest in the Subject Property and Note and Deed of Trust and that said

28

1  Defendants, and each of the, be forever enjoined from asserting any estate, right, title or interest
2  in the Subject Property and Note and Deed of Trust adverse to Plaintiffs.

3      41.    A null security agreement is unenforceable for foreclosure or cloud on title
4  in California.
5
6      42.    Defendants' Decoupling Separation violates the long-standing precedence
7  of *Carpenter v. Longan*, 83 U.S. 271.
8
9      43.    The alleged Deed of Trust is null, deficient, and/or illegal due to the fact
10  one of the following MUST be true as evidenced by the past and current locations of the
11  alleged Deed of Trust and Note:
12      44.    The Alleged Deed of Trust was indeed separated from the alleged Note, one
13  or more times and Defendant(s) knowingly, purposefully, willfully with *malum in se*
14
15  (A) intent concealed said fact from Plaintiff; or (B) the alleged Deed of Trust and were
16  never conjoined and Defendant(s) knowingly, purposefully, willfully with *malum in se*
17  intent concealed said fact from Plaintiff.
18      45.    Said nullity evidences Defendant(s) claim is false and an improper cloud
19
20  on title

21                        SECOND CAUSE OF ACTION
22          (FRAUD and Gov. Code § 12650.(a) the False Claims Act)
                              (As to All Defendants)
23
      46. Plaintiffs re-allege and incorporate by reference the facts contained in the Paragraphs
24
25  above as though fully set forth herein.
26      47. A claim of fraud must have the following elements: "(a) a misrepresentation (false
27  representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent
28  to defraud, i.e., to induce reliance; (d) justifiable reliance; and resulting damage."

1    48. Misrepresentation—Defendants and each of them caused to be recorded: a Notice of

2    Default under the purported signature of Geoffrey Allen, Trustee Sale Officer of "BTS" (Exhibit

3    B); and a Notice of Trustee Sale (Exhibit B) under the purported signature of Omar Solorzano as

4    Authorized Signatory.

5
     49. These endorsed documents are unenforceable due to lack of authority in their
6
7    purported role as signers of the above mentioned documents. In doing so, Defendants

8    misrepresented a material fact to Plaintiffs that Defendants had conformed to the non-judicial

9    foreclosure statutes that limit the parties can carry out foreclosure of Plaintiffs; home and the

10   material fact that they were a party that could initiate foreclosure by virtue of complying with the

11
     statute—when in fact, they had not complied with the statute.
12
13   50. Knowledge of Falsity—Defendants are sophisticated corporations and a

14   commissioned notary fully aware of notary laws and fraud. Defendants, and each of them, were

15   aware with full knowledge of ALL CONSPIRITORS employment status and thier limitations of

16
     authority to act on behalf of the named Defendants to sign the above mentioned documents.
17
18   Each Defendant committed fraud when they allowed the purported full Reconveyance,

19   Substitution of Trustee, Notice of Default and Notice of Trustee Sale to be recorded into public

20   record as genuine.

21   51. Intent to Defraud, Induce Reliance—Defendants purpose and intent was to foreclose

22
     on Plaintiffs' home and to acquire possession of the home and the proceeds of foreclosure sale.
23
24   Defendants, in order to accomplish this plan, intended that Plaintiffs rely on the documents

25   recorded by the above named signers in order to induce plaintiffs into believing that statutory

26   requirements were met and that Defendants could proceed to carry out a foreclosure and sale of

27   Plaintiffs' home. Such reliance was intended so Defendants and each of them can take

28

1  possession of Plaintiffs' home or take the proceeds of a wrongful foreclosure sale in spite of non-
2  compliance with foreclosure statutes.

3      52. Justifiable Reliance—Plaintiffs' reliance on these fraudulently recorded documents is
4  justifiable given that Defendants are sophisticated entities and they communicated and suggested
5  the authenticity of their authority using public record and official corporate memoranda.
6
7      53. Resulting Damage—Plaintiffs incurred damage as a result of Defendants fraudulent
8  acts by forcing Plaintiffs to make payment on the DOT that has already been reconveyed back to
9  Plaintiffs. Plaintiffs have further suffered costs, of bringing this lawsuit in defending and
10 restraining the impending wrongful foreclosure sale.
11
12     54. Plaintiffs did not know and were ignorant of the falsity of the representations by
13 Defendants, and each of the, and did not and could not have reasonably known before that time
14 of the falsity of said representations and/or concealment.
15     55. Had Plaintiff known of the fraudulently signed documents they would have sought
16 immediate correction of these documents or attempted conventional market remedies before
17 Defendants could cause their loan to go into default.
18
19     56. In the Defendant's Notice of Default, Geoffrey Allen, Trustee Sale Officer states
20 "The undersigned declares that the beneficiary or its authorized agent has declared that they have
21 complied with California Civil code Section 2923.5 . . . " Plaintiff declares otherwise, and has
22 executed an Affidavit in Rebut to Declaration Pursuant to CAL CIV Code Section 2923.5(b)
23
24 (SEE EXHIBIT F).
25     56. As a direct result and proximate result of the wrongful conduct of Defendants, and
26 each of the, Plaintiffs has been injured in an amount presently unknown, but which will be
27
28

1  established at the time of trial, but in no event is that amount less than the minimum

2  jurisdictional limits of this court.

3      57. As a direct and proximate result of the concealment of known facts which caused this

4  damage, and by the conduct of Defendants, and each of the, which was willful, wanton, and

5
6  malicious, and each of them, were guilty of oppression, fraud and/or malice, and acted with a

7  conscious disregard for the rights of Plaintiffs, intending to deceive and injure them, with the

8  knowledge that their acts would in fact cause injury to Plaintiffs.

9      58. As a result, Plaintiffs is entitled to an award of punitive and exemplary damages in

10  an amount sufficient to punish Defendants for engaging in this conduct and to deter such future

11
12  conduct.

13      59. As a result of direct and proximate cause of Defendants' intentionally false,

14  misleading and fraudulent representations, Plaintiffs have suffered consequential damages in an

15  amount yet to be determined, but in no event less that the jurisdictional limits of this court.

16      60. Accordingly, Plaintiffs are entitled to compensatory and punitive damages for

17
18  Defendants' fraud.

19                    **THIRD CAUSE OF ACTION**
                      **Negligent Misrepresentation**
20                    **(As to All Defendants)**

21      61. Plaintiffs re-allege and incorporate by reference the facts contained in the Paragraphs

22
23  above as though fully set forth herein.

24      62. At all times Defendants, and each of them, made the misrepresentations about the

25  status of the ownership of the loan and the signers who executed documents on behalf of each

26  Defendant. Said Defendants further should have discovered the true facts by a reasonable

27

28

1  inquiry and diligence, even if said facts were not known to Defendants at the time of making the

2  misrepresentations.

3      63. Defendant's made misstatements and omitted material facts regarding its ownership

4  in Plaintiffs' loan. As set forth in the Complaint above, in billing statements sent to Plaintiffs, in

5
6  correspondence with Plaintiffs, and with the execution of recorded documents. Defendant's

7  other than Defendant PAUL FINANCIAL LLC-on paper- had no ownership interest in the Note,

8  yet claimed it did in order to unlawfully obtain monies from Plaintiffs.

9      64. By issuing the "Notice of Sale" Defendant "ETS" LLC unlawfully claimed that it

10  had received a proper "election to sell" instruction from defendant "US" as Trustee for RFMSI

11
12  2006-SA2 through MORTGAGE ELECTRONIC REGISTRATION SERVICE (which is no

13  longer legally authorized to do business in California) with the legal right to "sell." In issuing

14  this "Notice to Sell," without a careful review of the facts, Defendant "ETS" LLC issued a false

15  and misleading statement. Defendants intended for Plaintiffs to rely on the representations made

16  to them. Plaintiffs were unaware of the falsity of the misrepresentations.

17
18      65. The above-described acts of Defendants, and each of them, constitute negligent

19  misrepresentation to Plaintiffs.

20      66. These misrepresentations were intended to and did induce Plaintiffs to act in reliance

21  on them, and were a substantial cause of the damage and injury to Plaintiffs as described above.

22
23      67. As a direct and proximate result of said negligence, Plaintiffs have been damaged in

24  an amount according to proof.

25      WHEREFORE, Plaintiffs prays for judgment against the Defendants as set forth below.

26                     **FOURTH CAUSE OF ACTION**
**(Violation of Business and Professions Code §17200**
27  **(As to All Defendants)**

28

1   68. Plaintiffs re-allege and incorporated by reference the facts contained in the
2   Paragraphs above as though fully set forth herein.

3   69. California's Unfair Competition Law does not proscribe specific practices but
4   Business and Professions Code §17200 defines "unfair competition" to include any unlawful,
5   unfair or fraudulent business practices. It governs "anti-competitive business practices" as well
6
7   as injuries to consumers. This cause of action is generally derivative of some other illegal
8   conduct or fraud committed by a defendant.

9   70. Defendants have attempted a wrongful foreclosure of Plaintiffs' home and have
10  committed fraud, which is unlawful and forbidden by law (e.g., see Civil Code §1572), in
11
12  asserting a right and their purported authority to foreclose on Plaintiffs' home. These practices
13  include (a) requisition mortgage loan payments from individuals without verifying that which
14  Defendant's are the true beneficial owner of the Note.

15  71. Plaintiffs as a consumer have suffered injury that includes loss of money to pay for
16  of suit to enforce their rights.
17
18  72. Accordingly, plaintiffs are entitled to statutory damages as a result of Defendants'
19  violation of Business and Professions Code §17200.

20  WHEREFORE, Plaintiffs prays for judgment against defendants as herein set forth.

21              **FIFTH CAUSE OF ACTION**
22              **(Declaratory Relief)**

23  73. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though
24  fully set forth herein.

25  74. An actual controversy has arisen and now exists between Plaintiff and Defendants
26
27  regarding their respective rights and duties, in that Plaintiffs contend that Defendant did not have
28

1   the right to pursue a claim under the Note or Deed of Trust on the Subject Property because

2   Defendants do not have the power to "enforce the Note."

3       75. Plaintiffs requests that this Court find the purported rights of the Defendants under

4   the Note and Deed of Trust be of no force and effect at this time, because Defendants' actions in

5   the processing, handling of its claim under the Note and Deed of Trust, which have directly

6

7   caused Plaintiffs to be at an equitable disadvantage to Defendants. Plaintiffs further requests that

8   title to the Subject Property remain in Plaintiffs' name, with said Deed of Trust purported in the

9   named Defendant be extinguished by this Court.

10      76. As a result of the Defendants' actions, Plaintiffs has suffered damages according to

11

12   proof, and seeks declaratory relief that:

13      1. Defendants' rights and interest in the Note and Deed of Trust be void and of no force
        or effect against the Subject Property or Plaintiffs. Further, Defendants' actions

14        have been willful, knowing and malicious;

15      2. DEFENDANT'S never obtained a beneficial ownership interest in the Note;

16

17      3. DEFENDANT'S is not and never was the loan servicer for the Plaintiffs';

18      4. DEFENDANT'S lack the authority to "elect to sell" the Subject Property;

19      5. "BTS" LLC lacks the authority to Foreclose on the Subject Property;

20      6. The Notice of Sale is invalid in that there is no operative "Notice of Default" on
       record.

21

22   As a further matter Defendants' actions have been willful, knowing and malicious.

23                     **PRAYER FOR RELIEF**

24   WHEREFORE Plaintiffs will ask for the following for each Cause of Action sustained:

25      1. For Compensatory Damages in an amount to be determined by proof at trial.

26

27      2. For Special Damages in an amount to be determined by proof at trial.

28      3. For General Damages in an amount to be determined by proof at trial.

VERIFIED COMPLAINT FOR QUIET TITLE, FRAUD, NEGLIGENT MISREPRESENTATION, VIOLATION OF BUSINESS AND
PROFESSIONS CODES§17200 and DELCARATORY RELIEF                        Page 15

4. For Punitive Damages as against the individual Defendants.

5. For Costs of this action.

6. For Declaratory Relief, including a declaration that Plaintiffs is the prevailing party.

7. For a judgment ordering that the Defendants provide proof of legal authority by presenting ownership of the original Note.

8. Quiet Title.

9. For any prejudgment or other interest according to law.

10. Any other and further relief that the Court consider just and proper.

Respectfully submitted,

Dated: 12-12-12

Jeffrey T. Stammer, Plaintiff In Pro Per
Reserving all my rights

## VERIFICATION OF JEFFREY T. STAMMER

I, Jeffrey T. Stammer, declare as follows:

1. I am named as the Plaintiff in the above-entitled matter.

2. I am not in receipt of any document which shows that I have a contract with Defendant's.

3. I am not in receipt of any document which verifies that I own defendant's any money.

4. I am not in receipt of any document which verifies that Defendant's has delegated authority to act for original Lender nor Beneficiary on the Deed of Trust.

5. As a result of Defendant's activities allegedly on behalf of the Original Lender and Beneficiary I have been damaged financial, socially and emotionally.

6. I have read the foregoing pleading and know the facts therein stated to be true and correct.

7. I declare, under penalty of perjury pursuant to the laws of the State of California and the United States of America, that the foregoing is true and correct to the best of my knowledge and belief.

BY: _____,
　　　　　　　　　　Jeffrey T. Stammer, *pro per*

VERIFIED COMPLAINT FOR QUIET TITLE, FRAUD, NEGLIGENT MISREPRESENTATION, VIOLATION OF BUSINESS AND PROFESSIONS CODES§17200 and DELCARATORY RELIEF

Page 17

# Exhibit B

1   Jeffrey T. Stammer
    1515 San Ramon Way
2   Santa Rosa, CA 95403
    Telephone: (707) 321-8468
3   Facsimile: (707) 585-0491

4   Plaintiff In Pro Per

5

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
                                 COUNTY OF SONOMA
9

10  JEFFREY T. STAMMER                    )  Case No.: SCV 252894
                                          )
11          Plaintiff,                    )  NOTICE OF MOTION FOR EX PARTE
                                          )  APPLICATION FOR TEMPORARY
12          vs.                           )  RESTRAINING ORDER AND ORDER TO
                                          )  SHOW CAUSE RE PRELIMINARY
13  US BANK NATIONAL ASSOCIATION          )  INJUNCTION
    EXECUTIVE TRUSTEE SERVICES, LLC       )
14  GMAC MORTGAGE;                        )
15  and DOES 1 through 50.                )  Date: December 13, 2012
                                          )  Time: 3:30 p.m.
16          Defendants.                   )  Dept: 16

17

18          TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

19          Please take Notice that on December 13, 2012 or as soon thereafter as the matter may be

20  reviewed in the above-entitled court, located at 3055 Cleveland Avenue, Santa Rosa, California,

21
    The Motion for Ex Parte Application for Temporary Restraining Order and Order to Show Cause
22
    re: Preliminary Injunction filed by Plaintiff JEFFREY T. STAMMER (hereinafter "Plaintiff"),
23
24  will be reviewed as to why you, your agents, assigns, employees, partners and all those acting in

25  concert with you, should not be restrained and enjoined for the remainder of this litigation, from

26  the following acts/conduct: Pursuing the Trustee Sale scheduled for December 17, 2012 at
27

28

    NOTICE OF MOTION FOR TRO SHOW CAUSE PRELIMINARY INJUCTION        Page 1

1  10:a.m. and filed by against that certain real property, the address of which, or other common

2  designation is 8143 Luisa Way, Windsor, California APN: 164-450-064

3

4  Date: December 15, 2012

5                                                          Jeffrey T. Stammer, in Pro Per

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION FOR TRO SHOW CAUSE PRELIMINARY INJUCTION          Page 2

1　Jeffrey T. Stammer
　　1515 San Ramon Way
2　Santa Rosa, CA 95403
　　Telephone: (707) 321-8468
3　Facsimile: (707) 585-0491

4　Plaintiff In Pro Per

5

6

7

8　　　　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA
9　　　　　　　　　　　　　　COUNTY OF SONOMA

10　JEFFREY T. STAMMER　　　　　　　　)　Case No.: SCV 252894
　　　　　　　　　　　　　　　　　　　)
11　　　　Plaintiff,　　　　　　　　　)　EX PARTE APPLICATION FOR
12　　　　vs.　　　　　　　　　　　　　)　TEMPORARY RESTRAINING ORDER
　　　　　　　　　　　　　　　　　　　)　AND ORDER TO SHOW CAUSE RE
13　US BANK NATIONAL ASSOCIATION　　　)　PRELIMINARY INJUNCTION
　　EXECUTIVE TRUSTEE SERVICES, LLC　)
14　GMAC MORTGAGE;　　　　　　　　　　)　Date: December 13, 2012
15　and DOES 1 through 50.　　　　　　)　Time: 3:30 pm
　　　　　　　　　　　　　　　　　　　)　Dept: 16
16　　　　Defendants.　　　　　　　　　)

17

18　　　　Plaintiffs JEFFREY T. STAMMER, (hereinafter "Plaintiff"), hereby apply for a

19　temporary restraining order or stay against Defendants US BANK NATIONAL ASSOCIATION

20　EXECUTIVE TRUSTEE SERVICES, LLC; GMAC MORTGAGE; and DOES 1 through 50;

21　and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the
22

23　Property adverse to Plaintiffs title, or any cloud on Plaintiffs title to the Property, along with their

24　officers, agents, employees, representatives and all persons acting in concert or participating with

25　them, including but not limited to the following:

26

27

28

EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION

1.    Refrain from conducting the trustee's sale scheduled to occur on December 17, 2012, or any other such trustee's sale against that certain real property, the address of which, or other common designation is 8143 Luisa Way, Windsor, CA (hereafter "Subject Property").

2.    Plaintiff also request an order to show cause why a preliminary injunction should not be granted ordering Defendants' along with their officer, agents, employees, representatives and all persons acting in concert or participating with them, from conducting the forgoing described acts during the pendency of this action.

This application is made on the grounds that: (1) Defendants made no effort to reach out to Plaintiffs to discuss their financial circumstances. Moreover, Plaintiffs did not, nor has ever received notification of their rights to discuss reinstating their loan pursuant to California Civil Code section 2923.5. (see Affidavit attached) (2) The Notice of Default and Notice of Trustee's Sale are invalid because there is a broken chain of title and the acting trustee has not been substituted as trustee for the original trustee. Moreover, there is no recorded document within the Sonoma County Recorder's index showing any substitution of trustee in violation of *California Civil Code sections 2924 et seq.*

The violations, as described above, have caused serious doubt as to the validity of the Substitution of Trustee and Notice of Sale, and have caused Plaintiffs injury. An actual controversy has arisen and now exists between Plaintiffs and all Defendants regarding their respective rights and duties. (3) There is serious doubt that defendant US BANK NATIONAL ASSOCIATION is the party entitled to enforce the note because it only purportedly purchased the *assets* from Paul Financial LLC., the original lender.

Page 2
EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

12-13-'12 17:55 FROM-Nor Ba rust Serv  7075850491  527 P007/021 F-913

1    A Judicial declaration is necessary and appropriate at this time under all the

2 circumstances so that Plaintiffs may determine their rights and obligations under the purported

3 validity of US BANK NATIONAL ASSOCIATION standing to enforce the note; the affects of

4 the stranger, EXECUTIVE TRUSTEE SERVICES, LLC as acting trustee under the Deed of

5 Trust and Defendant US BANK NATIONAL ASSOCIATION 's failure to reach out to Plaintiffs

6

7 to discuss their financial circumstances.

8    A temporary restraining order and an order to show cause why a preliminary injunction

9 should not be granted against all Defendants are needed for the reason that (a) such Trustee Sale

10 would cause irreparable injury to Plaintiffs in the Plaintiffs would be ejected from their home

11 and (b) lack of injunctive relief would produce waste should Plaintiffs prevail in this action, only

12

13 to have been ejected earlier (CCP section 526(a)).

14    This application is based on the pleadings and records on file in this action, the

15 Memorandum of Points and Authorities filed and served herewith, the Complaint filed herein,

16 the Declaration of Plaintiffs and filed herewith, and such other and further evidence as the court

17

18 may consider at the hearing on this matter.

19

20 Dated: 12-12-12

21                                    Jeffrey T. Stammer
                                       Plaintiffs In Pro Per
22

23

24

25

26

27

28

                                                            Page 3
EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION

Jeffrey T. Stammer
1515 San Ramon Way
Santa Rosa, CA

### Affidavit in Rebut to Declaration Pursuant to CAL CIV Code Section 2923.5(b)

In the Common Law and for the Record, Know all men be these presents:
I, Jeffrey T. Stammer, hereafter known as 'affiant', duly sworn state the following:
in regards to NOTICE OF DEFAULT AND ELECTION TO SELL, and paragraph stating DECLARATION they
have complied with CAL. CIV. CODE SECTION 2923.5(b), on the signature page of the instrument #
2012079461, recorded in official records of Sonoma County, 08/16/2012, by US BANK NA as Trustee for RFMSA
2006-SA2, c/o BTS Services LLC, 2255 North Ontario Street, Suite 400, Burbank, CA 91504-3120.

1. That, affiant is the Owner of the property.
2. That the affiant is the custodian and occupant of the property at 8143 Luisa Way, Windsor, CA
   95492.
3. That affiant has at no time had any contact with agents or employees of ETS SERVICES LLC or
   is in receipt of any correspondence delivered by US Mail, FedEx or UPS from same.
4. That affiant has no knowledge of and does not recognize one Geoffrey Allen.
5. That affiant has never been contacted by any agent or employee of any banking or financial
   institution regarding the opportunity to "explore options...to avoid foreclosure as required by Cal.
   Civ. Code Section 2923.5 or modify the existing loan balance for the subject property.
6. That the affiant declares the DECLARATION OF COMPLIANCE, or that they have complied with
   CA Civil code 2923.5 to be a False statement and therefore constitutes a Fraudulent statement.
7. That the NOTICE OF DEFAULT AND ELECTION TO SELL is in violation of California Civil Code
   section 2923.5 since there is no evidence "due diligence efforts were completed".
8. That until the "Lender" gives a meaningful opportunity to explore options" to avoid foreclosure",
   the NOTICE OF DEFAULT AND ELECTION TO SELL must be rescinded.
9. That affiant waits for a proper communication by US Mail from the "Lender" for the opportunity to
   explore options and proceed with a possible loan Modification, if situation requires.

Without Prejudice

By:
Jeffrey T. Stammer

JURAT

State of California      )
County of Sonoma     )

On 12/12, 2012 before me, Sean Burns ( Notary Public personally appeared Jeffrey T.
Stammer who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his authorized capacity, and that
by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true
and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

SEAN BURNS
COMM. #1970890
NOTARY PUBLIC - CALIFORNIA
SONOMA COUNTY
My Comm. Expires Mar. 22, 2016

FILED

DEC 13 2012

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

1 | Jeffrey T. Stammer
   | 1515 San Ramon Way
2 | Santa Rosa, CA 95403
   | Telephone: (707) 321-8468
3 | Facsimile: (707) 585-0491

4 | Plaintiff In Pro Per

5

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 | COUNTY OF SONOMA

10 | JEFFREY T. STAMMER ) Case No.: SCV 252894
   | )
11 | Plaintiff, ) MEMORANDUM OF POINTS AND
12 | vs. ) AUTHORITIES IN SUPPORT OF EX
   | ) PARTE APPLICATION FOR TMEPORARY
13 | US BANK NATIONAL ASSOCIATION ) RESTRAINING ORDER AND ORDER TO
   | EXECUTIVE TRUSTEE SERVICES, LLC ) SHOW CAUSE RE PRELIMINARY
14 | GMAC MORTGAGE; ) INJUNCTION
15 | and DOES 1 through 50. )
   | ) Date: December 13, 2012
16 | Defendants. ) Time: 3:30
17 | _____ ) Dept: 16

18

19 | Plaintiffs JEFFREY T. STAMMER, (hereinafter "Plaintiff") hereby submit this

20 | Memorandum of Points and Authorities in Support of his Motion for Temporary Restraining

21 | Order.

22 | **I.**
23 | **FACTS**

24 | Plaintiffs is now, and was, at all times herein mentioned, a natural person residing in the

25 | County of Sonoma, State of California at 8143 Luisa Way, Windsor, California, (Subject

26 | Property") and is more particularly described as APN 164-450-064.
27

28

MEMORANDUM OF POINTS AND AUTHORITIES                                    Page 1

1    Defendant's corrupted transactions to the recorded chain of documents have completely

2    disrupted any semblance of a public record relating to the Subject Property, Plaintiffs title to the

3    Subject Property is tainted by Defendants' conduct to file and record a Notice of Default and

4    Notice of Sale against the Subject Property.

5
     There is now no operative Notice of Default on record no Notice of Sale; yet,
6
7    Defendants, and each of them are attempting to foreclose on Subject Property on December 17,

8    2012.

9    Plaintiffs obtained a loan in the amount of $469,110 from PAUL FINANCIAL, LLC on

10   March 3, 2006. PAUL FINANCIAL, LLC has not been heard from again, nor any notice to
11
     Plaintiff of any assignment, nor any recording in the County Recorders Office of same.
12
13   Plaintiffs have demanded verified responses and documents on July 18, 2012 by sending

14   to Paul Financial LLC and GMAC MORTGAGE; a Qualified Written Request (QWR), Notice

15   of Right to Cancel by Truth in Lending Act (TILA), and Verification by the Fair Debt Collection

16   Practices Act (FDCPA 15 US 1692). As of this date, no verified proof of any of the above has
17
     been received by Plaintiffs.
18
19   On August 16, 2012, Defendant "US" as Trustee for RFMSI 2006-SA2 C/O "ETS"

20   caused to be recorded a Notice of Default (document 2012079461).

21   On November 19, 2012 Defendant "ETS" caused to be recorded a Notice of Trustee Sale
22
     (document 2012115531).
23
24   On October 15, 2012 Plaintiff served on Defendants Lawful Notice of Plaintiffs Affidavit

25   of Status and Affidavit of Interest, and no response from any Defendant was forthcoming.

26   On October 15, 2012 Plaintiff served on Defendants REQUEST FOR VERIFICATION

27   OF DEBT as outlined in 15 USC 1692, and no response was forthcoming.
28

MEMORANDUM OF POINTS AND AUTHORITIES                          Page 2

1        Plaintiff brings suit under California law for Quite Title Action under CCP 760.010 et

2  seq. and under other theories described herein.

3        Plaintiff seeks declaratory relief as to what (if any) party, entity or individual or

4
5  group thereof is the owner of the promissory Note executed at the time of the loan

6  closing, and whether the Deed of Trust (Mortgage) secures any obligation of the Plaintiff

7  and in the alternative a Final Judgment granting Plaintiff Quiet Title in the subject

8  property
9

10        Plaintiff holds title to and is the TRUE OWNER its subject property at: 8143

11  Luisa Way, Windsor, CA; is the subject Property in this matter ("the property"); relative

12  to any or all known or unknown claimants who may claim to have an interest in these
13
14  proceedings.

15        Plaintiff acquired the subject property by Grant deed on March 3, 2006.

16                  **II.**

17  **PLANTIFFS IS ENTITLED TO A TEMPORARY RETRAINING ORDER AND**
                **PRELIMINARY INJUCTION**
18

19        Plaintiffs have satisfied all the required standards for the issuance of Temporary

20  Restraining Order and Preliminary Injunction to preserve the status quo pending final resolution
21
22  of this matter. In order to obtain a preliminary injunction, the plaintiffs must show: *[A]* the

23  likelihood of success on the merits; *[B]* no adequate remedy at law; *[C]* Plaintiffs will suffer

24  irreparable harm, and *[D]* Plaintiffs will suffer a greater harm if the Temporary Restraining

25  Order and Preliminary Injunction is not issued then will Defendants' if one is issued. (See
26
27  *Davenport v. Blue Cross,* 52 Cal.App. 4th 435, 446 (Cal.App.3d Dist. 1997.)

28

---

MEMORANDUM OF POINTS AND AUTHORITIES                Page 3

1    The verified Complaint by Plaintiffs along with their declaration and the order filed

2    herewith establish the likelihood of success. Notice of Pendency of Action-Lis Pendens per CCP

3    405.20 has been approved by Arthur Wick, Supervising Civil Judge, who is assigned this matter

4    for all purposes and filed at the Sonoma County Recorder's Office, Document #2012-128072

5
6    (Exhibit B) attached. This application is only made OUTSIDE of his Authority because proper

7    notice to Defendant's needed 24 hours, Plaintiff did not have requisite time to file Complaint and

8    Notice of Pendency of Action and record same, and still stop the unlawful Trustee Sale on

9    Monday December 17, 2012.

10    If a Temporary Restraining Order and Preliminary Injunction are not issued, Defendants

11
12    will carry out the foreclosure sale, and convey and transfer the Deed of Trust to an innocent

13    Third Party, which would further cloud title while depriving Plaintiff of due process and

14    opportunity to retain their property.

15    Plaintiffs will suffer irreparable harm in the absence of immediate injunctive relief. If the

16    foreclosure sale is allowed to proceed before the determination on the merits of the complaint
17
18    determined, the real consequences to Plaintiffs is that they will lose their home. This harm is

19    irreparable.

20    In contrast, the burden on Defendants upon granting an injunction would be minimal and

21    exclusively economic.

22    Public interest, as supported by the legislative intent of Senate Bill 1137, favors granting
23
24    homeowner's protection against wrongful foreclosure.

25                                             IV.
                                          CONCLUSION
26

27    *[A]* the likelihood of success on the merits; *[B]* no adequate remedy at law; *[C]* Plaintiffs

28    will suffer irreparable harm, and *[D]* Plaintiffs will suffer a greater harm if the Temporary

MEMORANDUM OF POINTS AND AUTHORITIES                                    Page 4

1  Restraining Order and Preliminary Injunction is not issued then will Defendants' if one is issued

2  For the foregoing reasons, Plaintiffs respectfully request that the court grant their application for

3  a Temporary Restraining Order and Preliminary Injunction and issue an order to show cause why

4  Defendant should not be enjoined from pursuing the foreclosure sale during the pendency of this

5
6  case. To err on the side of caution will not harm Plaintiff nor Defendant's, and will give the

7  Court time to adjudicate the facts as to all matters filed in the verified complaint.

8

9  Dated: 12-12-12

10                                              JEFFREY T. STAMMER
                                                Plaintiff In Pro Per
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES                              Page 5

1 Jeffrey T. Stammer
1515 San Ramon Way
2 Santa Rosa, CA 95403
Telephone: (707) 321-8468
3 Facsimile: (707) 585-0491

4 Plaintiff In Pro Per

5

6

7

8 SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SONOMA
9

10 JEFFREY T. STAMMER                ) Case No.: SCV 252894
                                    )
11         Plaintiff,               ) DECLARATION OF JEFFREY T.
12         vs.                      ) STAMMER IN SUPPORT OF EX PARTE
                                    ) APPLICATION FOR TEMPORARY
13 US BANK NATIONAL ASSOCIATION     ) RESTRAINING ORDER AND ORDER TO
   ETS SERVICES, LLC                ) SHOW CAUSE RE: PRELIMINARY
14 GMAC MORTGAGE;                   ) INJUNCTION CA RULES 3.1204 NOTICE
15 and DOES 1 through 50.           )
                                    ) Date: December 13, 2012
16         Defendants.              ) Time: 3:30 pm
                                      Dept: 16
17

18 I, Jeffrey T. Stammer, hereby declare as follows:

19     1. I, Jeffrey T. Stammer am the Plaintiff in the above entitled action.

20                                before 10:00 Am
       2.   On today's date, December 12, 2012, I contacted by phone the Defendants above,
21
22 giving them notice that I would apply for an Ex parte Application FOR TEMPORARY

23 RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY

24 INJUNCTION to be held at SONOMA COUNTY SUPERIOR COURT, Dept 16, at 3035

25 Cleveland Avenue, Suite 200, Santa Rosa, CA  PHONE 707-521-6500; to be heard at December
26
27 13, 2012 at 3:30 PM.

28 I spoke to:

DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.          Page 1

1   ETS SERVICES LLC, Michael Yeung 800-665-3932 at 8:40 am (818-260-1850 fax);

2   US BANK NATIONAL ASSOCIATION, Michael Yeung 800-665-3932 at 8:40 am (818-260-
    1850 fax), he INFORMED me that ETS Represents US BANK NATIONAL ASSOCIATION as
3   Trustee for RFMSI 2006-SA2.

4   GMAC MORTGAGE, Osiel Employee #2312 800-850-4622 at 8:45 am (319-236-5167 fax).

5
    DECLARATION ON BEING HEARD BY DEPT 16 JUDGE.
6
7   The case is assigned to Arthur A. Wick, Dept 19, for all purposes, I am applying for the Ex Parte

8   hearing in DEPT 16  as I needed proper time to have proper NOTICE to Defendants and Judge

9   Wick only holds Ex Parte on Wednesdays. The Trustee Sale is on Monday December 17, 2012

10  which does not allow me time to appear in Judge Wick's court until AFTER the sale.

11
        I declare under penalty of perjury under the laws of the State of California that the
12
13  foregoing is true and correct.

14      Executed this 12 day of December 2012, in Santa Rosa, California

15

16

17                          Jeffrey T. Stammer, Plaintiff In Pro Per

18

19

20

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.            Page 2

FL-335

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JEFFREY T. STAMMLER<br>8143 LUISA WAY<br>WINDSOR, CA<br>TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PRO PER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA.
STREET ADDRESS: 2035 CLEVELAND #200
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ROSA, CA
BRANCH NAME:

| PETITIONER/PLAINTIFF: JEFFREY T. STAMMLER | CASE NUMBER:<br>SIK 252894 |
|---|---|
| RESPONDENT/DEFENDANT: US BANK NATIONAL ASSOCIATION<br>ET AL<br>OTHER PARENT/PARTY: | (If applicable, provide):<br>HEARING DATE: |
| **PROOF OF SERVICE BY MAIL** | HEARING TIME:<br>DEPT.: |

NOTICE: To serve temporary restraining orders you must use personal service (see form FL-330).

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
5859 COMMERCE BLVD #13
ROHNERT PARK, CA 94928

3. I served a copy of the following documents (specify):
NOTICE OF MOTION - EX PARTE - TRO
EX PARTE APPLICATION - TRO
DECLARATION OF JEFFREY T. STAMMLER FOR ...
MEMORANDUM OF POINTS & AUTHORITIES - TRO
by enclosing them in an envelope AND
   a. ☑ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. Name of person served: US BANK NA & EXECUTIVE TRUSTEE SERVICES
   b. Address: 2255 N. ONTARIO ST #400
   BURBANK, CA 91504
   c. Date mailed: 12-13-12
   d. Place of mailing (city and state): ROHNERT PARK CA

   GMAC MORTGAGE
   1 MERIDIAN XING #100
   MINNEAPOLIS, MN 55423

5. ☐ I served a request to modify a child custody, visitation, or child support judgment or permanent order which included an address verification declaration. (Declaration Regarding Address Verification—Postjudgment Request to Modify a Child Custody, Visitation, or Child Support Order) (form FL-334) may be used for this purpose.)

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12-13-12
RONALD Cuff
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
FL-335 [Rev. January 1, 2012]

**PROOF OF SERVICE BY MAIL**

Code of Civil Procedure, §§ 1013, 1013a
www.courts.ca.gov

1 | Jeffrey T. Stammer
1515 San Ramon Way
2 | Santa Rosa, CA 95403
Telephone: (707) 321-8468
3 | Facsimile: (707) 585-0491

CA12000571161
Sar14812

DEC 13 2012

SUPERIOR COURT
OF SONOMA

4 | Plaintiff In Pro Per

5

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SONOMA
9

10 | JEFFREY T. STAMMER
11 | Plaintiff,
12 | vs.
13 | US BANK NATIONAL ASSOCIATION
14 | EXECUTIVE TRUSTEE SERVICES, LLC
GMAC MORTGAGE;
15 | and DOES 1 through 50.
16 | Defendants.
17

)  Case No.:  SCV 252894
)
)  [PROPOSED] ORDER GRANTING
)  PLAINTIFFS TEMPORARY RESTRAINING
)  ORDER AND ORDER TO SHOW CAUSE
)  RE PRELIMINARY INJUNCTION
)
)  Date: Feb 19, 2013
)  Time: 8:30 am
)  Dept: 19
)

18 | Application having been made, and good cause otherwise appearing, Plaintiffs have

19 | established the probable validity of their claim and that they will suffer damages and extreme

20 | hardship and actual and impending irreparable harm and injury if a Temporary Restraining Order

21 | is not issued, and this is a proper case for the issuance of a Temporary Restraining Order, and

22 |

23 | unless such an Injunction is issued, Plaintiff will suffer irreparable injury before the matter can

24 | be heard on notice. Therefore,

25 | IT IS HEREBY ORDERED that Defendants US BANK NATIONAL ASSOCIATION,

26

27

28

ORDER                                                                                    Page 1

1  EXECUTIVE TRUSTEE SERVICES, LLC, GMAC MORTGAGE; along with their officer,

2  agents, employees, representative and all persons action in concert or participating with them, are

3  hereby enjoined from:

4      1. Refrain from conducting the trustee's sale scheduled to occur on December 17, 2012,

5      or any other such trustee's sale against that certain real property, the address of

6

7      which, or other common designation is 8143 Luisa Way, Windsor, California, APN

8      164-450-064 (hereafter "Subject Property".)

9      Defendants US BANK NATIONAL ASSOCIATION, EXECUTIVE TRUSTEE

10 SERVICES, LLC, GMAC MORTGAGE;. are to appear before this court on

11 Feb 19, 2013 in department  19  at  8:30 am  and show cause

12

13 why a preliminary injunction should not be granted preventing Defendants US BANK

14 NATIONAL ASSOCIATION, EXECUTIVE TRUSTEE SERVICES, LLC, GMAC

15 MORTGAGE; along with their officers, agents, employees, representatives and all persons

16 action in concert or participating with them from conducting any of the foregoing described acts

17

18 during the pendency of this action.

19      IT IS FURTHER ORDERED that this Order must be served on Defendants US BANK

20 NATIONAL ASSOCIATION, EXECUTIVE TRUSTEE SERVICES, LLC, GMAC

21 MORTGAGE; no later than  December 18, 2012 @ 500 pm. All opposition papers hall be filed

22 and served either personally or by facsimile by  per Statute  and any reply

23

24 papers must be filed and served either personally or by facsimile by

25 Dated: Dec. 13, 2012

26                                    Judge of the Superior Court

27

28

ORDER                                              Page 2

# Exhibit C

ENDORSED
FILED

DEC 1 2 2012

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1  Jeffrey T. Stammer
   1515 San Ramon Way
2  Santa Rosa, CA 95403
   Telephone: (707) 321-8468
3  Facsimile: (707) 585-0491

4  Plaintiff In Pro Per

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                         COUNTY OF SONOMA
9

10 JEFFREY T. STAMMER                )  Case No.: ScV  252894
                                     )
11            Plaintiff,             )
                                     )  NOTICE OF PENDENCY OF ACTION
12            vs.                    )  (Lis Pendens)
                                     )  (CCP §405.20)
13 US BANK NATIONAL ASSOCIATION      )
14 EXECUTIVE TRUSTEE SERVICES, LLC   )      THE WITHIN INSTRUMENT IS A CORRECT COPY
   GMAC MORTGAGE;                    )      OF THE ORIGINAL ON FILE IN THIS OFFICE
15 and DOES 1 through 50.            )
                                     )      ATTEST:  DEC 1 2 2012
16            Defendants.            )
                                     )      Clerk of the Superior Court of California
17                                          County of Sonoma
                                            By                    Deputy Clerk

18        NOTICE IS HEREBY GIVEN that the above-entitled action concerning and affecting

19 real property as more particularly described in the Complaint filed December 12, 2012, (a real

20 property claim CCP §405.31-Kirkeby v. Super.Ct. (Fascenelli) (2004) 33 C4th 642, 647, 15

21

22 CR3d 805, 808) which action was commenced on December 12, 2012, regarding the real

23 property commonly known as 8143 LUISA WAY, WINDSOR, CALIFORNIA, as more

24 particularly described as: APN: 164-450-064 Legal Description: Situated in the, State of

25 California, Town of Windsor, County of Sonoma, and described as follows:

26

27

28

NOTICE OF PENDENCY OF ACTION-LIS PENDENS                                    Page 1

1    Lot 411 as shown on that certain map entitled Vintage Greens Subdivision, Phase 5, filed

2    for record in the Office of the County Recorder of Sonoma County on July 27, 2005 in

3    Book 678 of Maps, Pages 47 through 53, inclusive, Sonoma County Records.

4

5  in the above-named court by Jeffrey T. Stammer against US BANK NATIONAL,

6  ASSOCIATION; EXECUTIVE TRUSTEE SERVICES, LLC; GMAC MORTGAGE;

7  and DOES 1 through 50; inclusive, which action is now pending in the above named-court.

8

9    WHO MAY RECORD: Any party who asserts a "real property claim" may record a lis

10  pendens (CCP § 405.20; Park 100 Investment Group II v. Ryan (2009) 180 CA 4th 795, 808, 103 CR3d 218, 226

11

12                             Respectfully submitted,

13

14  Dated: 12-12-12

15                       Jeffrey T. Stammer
                           Plaintiffs In Pro Per

16

17

18

19

20

21

22

23

24

25

26

27

28        **PROOF OF SERVICE BY CERTIFIED MAIL WITH RETURN RECEIPT**

1   The undersigned declares as follows:

2       I am a resident of the County of Sonoma, State of California, and at the time of service

3   I was over 18 years of age and not a party to this action. My business address is

4   5959 Commerce Blvd #13, Rohnert Park, CA 94928.

5   On December 12, 2012,     I served the following document (s) described as:

6   NOTICE OF PENDENCY OF ACTION-LIS PENDENS

7   I served the documents on the persons below, as follows:

8

9   US BANK NATIONAL ASSOC.
    2255 North Ontario Street, Suite 400
10  Burbank, CA 91504-3120
    Certified Mail 7012 1010 0002 7427 2910

11  EXECUTIVE TRUSTEE SERVICES LLC
    2255 North Ontario Street, Suite 400
12  Burbank, CA 91504-3120
    Certified Mail 7012 1010 0002 7427 2927
13

14  GMAC MORTGAGE
    1 MERIDIAN XING STE 100
15  MINNEAPOLIS, MN 55423
    Certified Mail 7012 1010 0002 7427 2934

16

17      X    (BY CERTIFIED MAIL) I placed said document(s) in a sealed envelope, with

18  postage thereon fully prepaid for first class mail, Certified Mail, Return Receipt Requested, and

19  placed such envelope in the United States mail at Sonoma County, California.

20      ____ (BY FAX) I caused said document to be faxed to the addressee(s) and then placed in the

21  United States Mail.

22  I declare under penalty of perjury under the laws of the State of California that the foregoing is
    true and correct.
23

24  Date: December 12, 2012, at Rohnert Park, California.

25

26

27                                          Ronald Cupp

28

NOTICE OF PENDENCY OF ACTION-LIS PENDENS                                    Page 3

SU▮▮ ▮▮ ▮▮▮▮▮T
OF ▮▮▮▮▮NIA
COUNTY OF SONOMA

**2012128072**

OFFICIAL RECORDS OF
SONOMA COUNTY
WILLIAM F ROUSSEAU

2012 DEC 13 RECORDING REQUESTED BY:

GENERAL PUBLIC
12/13/2012 10:19 NTA
RECORDING FEE: $25.00
PAID

**5** DES



**WHEN RECORDED MAIL TO:**

Jeffrey T. Stammer
1515 San Ramon Way
Santa Rosa, CA 95403

**CONFORMED COPY**

APN: 164-450-064

SPACE RESERVED FOR RECORDER'S USE

C A120005710J
Sale 12/28/12  10 AM

# NOTICE OF PENDENCY OF ACTION

NOTICE OF PENDENCY OF ACTION, 8143 LUISA WAY, WINDSOR, CA
APN: 164-450-0641

1 | Arthur Wick
Supervising Civil Judge
2 | JUDGE OF THE SUPERIOR COURT
600 Administration Drive
3 | Santa Rosa, CA 95403
(707) 521-6730
4
5
6
7

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

DEC 13 2012

BY _____
Deputy Clerk

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF SONOMA

10

11 | JEFFREY T. STAMMER,

12 | Plaintiff,

13 | v.

14 | U.S. BANK NATIONAL ASSOCIATION
EXECUTIVE TRUSTEE SERVICES, LLC,
15 | et al,

16 | Defendants.

Case No.: SCV-252894

**APPROVAL OF EX PARTE REQUEST**

17 | Based on the content of Code of Civil Procedure Section 405.21, this court approves the

18 | filing and recordation of the attached Notice of Pendency of Action.

19
Dated: December 12, 2012.
20

_Arthur A. Wick_

Arthur A. Wick, Judge,
Sonoma County Superior Court

21
22
23 | THE WITHIN INST
COPY OF THE OR
OFFICE.
24 | ATTEST: DEC
25 | Clerk of the Superior Court of California
Deputy Clerk
26 | Christine Reynoso
27
28

-1-