MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
KIMBERLY A. PAESE (State Bar No. 258594)
kap@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
U.S. Bank, N.A. AS TRUSTEE FOR RFMSI 2006-SA2 (erroneously sued herein in its individual capacity as "US Bank National Association"), GMAC MORTGAGE, LLC(erroneously sued herein as "GMAC Mortgage"), and EXECUTIVE TRUSTEE SERVICES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| JEFFREY T. STAMMER, | Case No.  3:13-cv-00387-JSC |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| vs. | |
| US BANK NATIONAL ASSOCIATION; EXECUTIVE TRUSTEE SERVICES, LLC; GMAC MORTGAGE; and DOES 1 through 50, | [Filed concurrently with Request for Judicial Notice in Support Thereof and Notice of Bankruptcy and Suggestion of Automatic Stay] |
| Defendants. | Date:    March 21, 2013<br>Time:    9:00 a.m.<br>Crtm.:   F, 15th Floor<br>Judge:   Jacqueline Scott Corley |
| | Action Filed:   December 12, 2012<br>Trial Date:     None Set |
| | [Removed from California Superior Court, Sonoma County, Case No. SCV252894 ] |

19000.1457/2546282.1

**PLEASE TAKE NOTICE** that the hearing on the motion by defendants U.S. Bank, N.A. as Trustee for RFMSI 2006-SA2 (erroneously sued herein in its individual capacity as "US Bank National Association") (hereinafter, "U.S. Bank Loan Trust"), GMAC Mortgage, LLC (erroneously sued herein as "GMAC Mortgage") (hereinafter, "GMAC Mortgage"), and Executive Trustee Services, LLC (hereinafter, "ETS") to dismiss the Complaint filed by plaintiff Jeffrey T. Stammer (hereinafter, "Plaintiff") will come on regularly for hearing on March 21, 2013, at 9:00 a.m., or as soon thereafter as may be heard, before the Honorable Jacqueline S. Corley in Courtroom F of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, 94102.

U.S. Bank Loan Trust moves to dismiss the complaint, and each and every claim asserted therein, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff fails to state any claim upon which relief may be granted, together with any additional grounds set forth in the accompanying memorandum of points and authorities. GMAC Mortgage and ETS[1] move to dismiss the first and fifth claims alleged in the Complaint pursuant to Federal Rule of Civil

---

[1] On May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC and ETS (hereinafter, "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"), thus triggering the protections of the automatic stay codified in section 362(a) of Chapter 11 of the Bankruptcy Code (hereinafter, "section 362(a)") with regard to the Debtors. Section 362(a), among other things, operates as an automatic stay of: (i) "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding" against the Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' Chapter 11 estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the petition date (11 U.S.C. § 362(a)(6).) On July 13, 2012, the Bankruptcy Court issued a final supplemental bankruptcy order which provides that certain claims are exempted from the bankruptcy stay ("Permitted Claims"). (See Notice of Bankruptcy and Suggestion of Automatic Stay filed concurrently herewith ("Notice of Bankruptcy").) As the claims to quiet title and for declaratory relief seek to enjoin and/or preclude the foreclosure, they fall within the Permitted Claims. (See Notice of Bankruptcy, Exhibit A, ¶ 14(a).) Any other claims, such as the balance of those claims alleged against GMAC and ETS, remain subject to the automatic stay. (*Id.* at ¶ 14(b).) GMAC and ETS hereby expressly reserve their rights to challenge the claims for fraud, negligent misrepresentation, and/or violation of California Business and Professions Code section 17200 *et seq.* if and when the stay is lifted and/or GMAC are ETS are otherwise permitted by the Bankruptcy Court order to do so.

1 Procedure 12(b)(6) on the ground that Plaintiff fails to state any claim upon which relief may be granted, together with any additional grounds set forth in the accompanying memorandum of points and authorities

The motion to dismiss is based on this notice of hearing, the supporting memorandum of points and authorities, all judicially noticed matters, all pleadings and papers on file in this action, on the reply, if any, that may be filed with the Court, and on any and such further oral and documentary evidence as may be presented at the hearing on this matter.

DATED: February 4, 2013                SEVERSON & WERSON
                                       A Professional Corporation


                                       By:      /s/ Kimberly A. Paese
                                                Mary Kate Sullivan
                                                Kimberly A. Paese

                                       Attorneys for Defendants
                                       U.S. Bank, N.A. AS TRUSTEE FOR RFMSI 2006-SA2 (erroneously sued herein in its individual capacity as "US Bank National Association"), GMAC MORTGAGE, LLC(erroneously sued herein as "GMAC Mortgage"), and EXECUTIVE TRUSTEE SERVICES, LLC

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | SUMMARY OF FACTUAL BACKGROUND AND ALLEGATIONS | 2 |
| III. | LEGAL STANDARD ON MOTION TO DISMISS | 3 |
| IV. | ARGUMENT | 3 |
| | A. Plaintiff Fails To State A Claim To Quiet Title (1st Claim) Or For Declaratory Relief (5th Claim) Against Defendants | 3 |
| |     1. Plaintiff Cannot Challenge The Foreclosure Because He Fails To Allege Tender | 4 |
| |     2. Plaintiff Cannot Challenge The Foreclosure Because It Has Been Conducted In Compliance With California Law And Pursuant To The Terms Of The Deed Of Trust | 5 |
| |     3. Plaintiff's Challenges To The Foreclosure Fail As A Matter Of Law | 6 |
| |     4. Plaintiff Fails To Plead The Elements Of A Quiet Title Claim | 7 |
| |     5. Plaintiff Fails To Plead The Elements Of A Declaratory Relief Claim | 8 |
| | B. Plaintiff Fails To State A Claim For Fraud Against U.S. Bank Loan Trust (2nd Claim) | 8 |
| | C. Plaintiff Fails To State A Claim For Negligent Misrepresentation Against U.S. Bank Loan Trust (3rd Claim) | 9 |
| | D. Plaintiff Fails To State A Claim For Violation Of California Business And Professions Code Section 17200 Et Seq. Against U.S. Bank Loan Trust (4th Claim) | 10 |
| V. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Abdallah v. United Sav. Bank,
    43 Cal.App.4th 1101 (1996).................................................................................... 4

Aguilar v. Bocci,
    39 Cal.App.3d 475 (1974)....................................................................................... 7

Argueta v. J.P. Morgan Chase,
    2011 WL 2619060 (E.D. Cal. 2011)..................................................................... 10

Arnolds Mgmt. Corp. v. Eischen,
    158 Cal.App.3d 575 (1984)..................................................................................... 4

Ashcroft v. Iqbal,
    129 S.Ct. 1937 (2009)............................................................................................. 3

Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,
    459 U.S. 519 (1983)................................................................................................ 3

Baisa v. Indymac Fed. Bank,
    2009 WL 3756682 (E.D. Cal. 2009)....................................................................... 6

Berryman v. Merit Prop. Mgmt., Inc.,
    152 Cal.App.4th 1544 (2007)................................................................................ 10

Cox Commc'ns PCS, L.P. v. City of San Marcos,
    204 F.Supp.2d 1272 (S.D. Cal. 2002).................................................................... 8

Debrunner v. Deutsche Bank Nat. Trust Co.,
    204 Cal.App.4th 433 (2012)............................................................................. 7, 10

DiPirro v. American Izzu Motors Inc.,
    119 Cal.App.4th 966 (2004)................................................................................. 11

Durell v. Sharp Healthcare,
    183 Cal.App.4th 1350 (2010)............................................................................... 11

Eddy v. Sharp
    199 Cal.App.3d 858 (1988)..................................................................................... 9

Gomes v. Countrywide Home Loans, Inc.,
    192 Cal.App.4th 1149 (2011)................................................................................. 6

Harrington v. Home Capital Funding, Inc.,
    2009 WL 514254 (S.D. Cal. 2009) ........................................................................ 5

*In re Gilead Sci. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) .................................................................................. 3

*In re Glenfed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) .................................................................................... 8

*Johnson v. Riverside Healthcare Sys.*,
    534 F.3d 1116 (9th Cir. 2008) .................................................................................. 3

*Khoury v. Maly's of California, Inc.*,
    14 Cal.App.4th 612 (1993) ..................................................................................... 10

*Marceau v. Blackfeet Hous. Auth.*,
    540 F.3d 916 (9th Cir. 2008) .................................................................................... 3

*McDowell v. Watson*,
    59 Cal.App.4th 1155 (1997) ..................................................................................... 8

*Meetz v. Mohr*,
    141 Cal. 667 (1904) .................................................................................................. 4

*Moeller v. Lien*,
    25 Cal.App.4th 830 (1994) ....................................................................................... 7

*Morgera v. Countrywide Home Loans, Inc.*,
    2010 WL 160348 (E.D. Cal. 2010) ....................................................................... 5, 6

*Morris v. BMW of N. Am., LLC*,
    2007 WL 3342612 (N.D. Cal. 2007) ....................................................................... 8

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) .................................................................................... 3

*Neal v. Juarez*,
    2007 WL 2140640 (S.D. Cal. 2007) ......................................................................... 7

*Nguyen v. Calhoun*,
    105 Cal.App.4th 428 (2003) ..................................................................................... 5

*Parcray v. Shea Mortg., Inc*,
    .2010 WL 1659369 (E.D. Cal. 2010) ....................................................................... 5

*Quach v. Bank of America, Nat. Ass'n.*,
    2012 WL 4498873 (N.D. Cal., 2012) ....................................................................... 6

*Rubio v. Capital One Bank*,
    613 F.3d 1195 (9th Cir. 2010) ................................................................................ 10

*Saldate v. Wilshire Credit Corp.*,
    2010 WL 624445 (E.D. Cal. 2010) ........................................................................... 9

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393 (9th Cir. 1986) .......................................................................................... 8

*Sicairos v. NDEX West, LLC*,
    2009 WL 385855 (S.D. Cal. 2009) ................................................................................... 7

*Skelley v. Bank of America, N.A.*,
    2012 WL 3656537 (S.D. Cal., 2012) ................................................................................ 9

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ............................................................................................ 3

*Strike v. Trans-West Discount Corp.*,
    92 Cal.App.3d 735 (1979) ................................................................................................ 5

*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n.*,
    165 Cal.App.3d 1214 (1985) ............................................................................................ 4

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) .......................................................................................... 8

*Vignolo v. Miller*,
    120 F.3d 1075 (9th Cir. 1999) .......................................................................................... 3

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) .......................................................................................... 3

**STATUTES**

Cal. Business & Professions Code
    § 17200 *et seq*. ......................................................................................................... 2, 10

Cal. Civil Code
    § 761.020 ......................................................................................................................... 7
    § 2924 ....................................................................................................................... 5, 6, 7
    §§ 2924-§ 2924k .............................................................................................................. 5
    § 2934a ............................................................................................................................ 6

**RULES**

Federal Rule of Civil Procedure
    Rule 9 ............................................................................................................................... 8
    Rule 12 ............................................................................................................................. 3

**OTHER AUTHORITIES**

5 Witkin, Summary of Cal. Law (9th ed., 1988) Torts, § 676 .................................................. 9

Defendants U.S. Bank, N.A. as Trustee for RFMSI 2006-SA2 (erroneously sued herein in its individual capacity as "US Bank National Association") (hereinafter, "U.S. Bank Loan Trust"), GMAC Mortgage, LLC (erroneously sued herein as "GMAC Mortgage") (hereinafter, "GMAC Mortgage"), and Executive Trustee Services, LLC (hereinafter, "ETS")[2] hereby submit the following memorandum of points and authorities in support of their motion to dismiss the Complaint filed by plaintiff Jeffrey T. Stammer (hereinafter, "Plaintiff").

## I. INTRODUCTION

The gravamen of Plaintiff's complaint is his claim that because defendants were not involved in the origination of the Subject Loan, they may not foreclose. Essentially, Plaintiff contends that only the originating lender may enforce the promissory note and/or deed of trust. However, such theories are fundamentally contrary to California law. As set forth herein, following Plaintiff's undisputed default, defendants were authorized by the terms of the deed of trust and the non-judicial statutory scheme to commence the foreclosure. Judicially noticeable documents demonstrate the foreclosure has been properly conducted. Plaintiff also fails to plead the elements of his stated claims. For these reasons, and those set forth herein, Plaintiff's claim to quiet title (first claim) and his claims for fraud (second claim), negligent misrepresentation (third

---

[2] On May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC and ETS (hereinafter, "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"), thus triggering the protections of the automatic stay codified in section 362(a) of Chapter 11 of the Bankruptcy Code (hereinafter, "section 362(a)") with regard to the Debtors. Section 362(a), among other things, operates as an automatic stay of: (i) "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding" against the Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' Chapter 11 estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the petition date (11 U.S.C. § 362(a)(6).) On July 13, 2012, the Bankruptcy Court issued a final supplemental bankruptcy order which provides that certain claims are exempted from the bankruptcy stay ("Permitted Claims"). (See Notice of Bankruptcy and Suggestion of Automatic Stay filed concurrently herewith ("Notice of Bankruptcy").) As the claims to quiet title and for declaratory relief seek to enjoin and/or preclude the foreclosure, they fall within the Permitted Claims. (See Notice of Bankruptcy, Exhibit A, ¶ 14(a).) Any other claims, such as the balance of those claims alleged against GMAC and ETS, remain subject to the automatic stay. (*Id.* at ¶ 14(b).)

claim), violation of California Business and Profession Code section 17200 *et seq.* (fourth claim), and declaratory relief (fifth claim) should be dismissed without leave to amend.

## II. SUMMARY OF FACTUAL BACKGROUND AND ALLEGATIONS

On or about February 22, 2006, Plaintiff obtained a loan in the principal amount of $471,700.00 from Paul Financial, LLC (hereinafter, "Subject Loan"). (Compl., ¶ 21; *see also* Deed of Trust recorded on March 3, 2006 as document number 2006025215 attached as Exhibit 1 to Request for Judicial Notice (hereinafter, "RJN").) The Subject Loan was memorialized by a promissory note and secured by a deed of trust to the real property located at 8143 Luisa Way, Windsor, California 95492 (hereinafter, "Property"). (*Id.*; *see also* Compl., ¶ 19-20.) On July 11, 2012, Mortgage Electronic Registration Systems, Inc. (hereinafter, "MERS") assigned the beneficial interest in the Subject Loan to U.S. Bank Loan Trust. (*See* Assignment of Deed of Trust recorded on July 20, 2012 as document number 2012068965 attached as Exhibit 2 to RJN.)

On August 16, 2012, U.S. Bank Loan Trust caused a notice of default on the Subject Loan to be recorded. (*See* Notice of Default and Election to Sell recorded on August 16, 2012 as document number 2012079461 attached as Exhibit 3 to RJN.) On November 19, 2012, U.S. Bank Loan Trust caused a notice of trustee's sale to be recorded. (*See* Notice of Trustee's Sale recorded on November 19, 2012 as document number 2012115531 attached as Exhibit 4 to RJN.) The notice of trustee's sale set a December 17, 2012 trustee's sale.[3] (*Id.*)

Although Plaintiff does not deny entering into the Subject Loan transaction and/or obtaining the loan proceeds, Plaintiff claims defendants lack standing to foreclose because Plaintiff alleges he "NEVER signed a [n]ote for and/or to [d]efendants"; "NEVER took a loan from [d]efendants"; and "NEVER accepted, offered or transferred anything of value and/or made any deal of any type with [d]efendants." (Compl., ¶¶ 22-23.) Plaintiff alleges defendants cannot foreclose because "Plaintiff never did any business with [d]efendants." (Compl., ¶ 24; *see also* Compl., ¶¶ 27-29.)

---

[3] The sale is presently enjoined by a temporary restraining order granted by the state court prior to removal of this action. (See Notice of Removal at Docket No. 1, Exhibit B.)

## III. LEGAL STANDARD ON MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6) (hereinafter, "Rule 12(b)(6)"), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." (Fed. R. Civ. P. 12(b)(6).) A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).)

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. (*Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).) Courts however, are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).) Although they may provide the framework for a complaint, legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).) Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." (*Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).)

## IV. ARGUMENT

**A. Plaintiff Fails To State A Claim To Quiet Title (1st Claim) Or For Declaratory Relief (5th Claim) Against Defendants**

By his first claim for quiet title and his fifth claim for declaratory relief, Plaintiff seeks to enjoin the foreclosure on the Property. However, Plaintiff fails to plead tender, fails to plead misconduct in connection with the non-judicial foreclosure, and fails to state the elements essential to these claims. For all these reasons, as set forth below, the first and fifth claim should be dismissed against each of the moving defendants.

### 1. Plaintiff Cannot Challenge The Foreclosure Because He Fails To Allege Tender

A plaintiff may not challenge a foreclosure without at least offering to repay what was borrowed. If a borrower who has defaulted in repaying a loan asks the court to exercise its equitable powers to set aside a foreclosure, they must first "do equity." (*Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 577 (1984) ; *Meetz v. Mohr*, 141 Cal. 667, 673 (1904) ("One who seeks equity must do equity"). This rule requiring tender applies to any claim that is based on allegations of wrongful foreclosure or that seeks redress from foreclosure. (*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996) (affirming sustaining of demurrer without leave, and explaining that the tender rule applies to "any cause of action for irregularity in the sale procedure"); *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n.*, 165 Cal.App.3d 1214, 1225 (1985); *Arnolds Mgmt. Corp.*, 158 Cal.App.3d at 579 (demurrer properly sustained without leave on claims of wrongful foreclosure, fraud, and negligence relating to defective notice not foreclosure sale).)

Here, Plaintiff challenges the foreclosure and seeks to postpone or enjoin the sale. However, Plaintiff has not tendered the debt he owes nor unambiguously offered to do so within his complaint. While the foreclosure sale has not yet occurred, at a minimum, Plaintiff must tender sufficient loans to bring the loan current. If a borrower who has defaulted in repaying a loan asks the court to exercise its equitable powers to set aside a foreclosure, he must first "do equity." (*Arnolds Mgmt. Corp., supra*, 158 Cal.App.3d at 577; *Meetz v. Mohr*, 141 Cal. 667, 673 (1904) ("One who seeks equity must do equity").) Plaintiff has not tendered, nor indicated a willingness or ability to tender, and thus, he lacks standing to challenge the foreclosure and his claims for quiet title and declaratory relief may be dismissed.

///
///
///
///
///

## 2. Plaintiff Cannot Challenge The Foreclosure Because It Has Been Conducted In Compliance With California Law And Pursuant To The Terms Of The Deed Of Trust

Here, documents of which the Court may take judicial notice demonstrate the foreclosure has been conducted in accordance with the California non-judicial foreclosure scheme.

In California, Civil Code sections 2924 through section 2924k (hereinafter collectively "section 2924") provide a comprehensive framework governing non-judicial foreclosure sales. (*Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440 (2003).) Section 2924 and the related provisions "'cover every aspect'" of the foreclosure process'" and are "'intended to be exhaustive.'" (*Morgera v. Countrywide Home Loans, Inc.*, 2010 WL 160348, at *7-8 (E.D. Cal. 2010); citations omitted.) Within this framework, non-judicial foreclosure proceedings can be instituted by the trustee, mortgagee, or beneficiary, or any of their authorized agents, by filing a notice of default with the office of the recorder. (*Harrington v. Home Capital Funding, Inc.*, 2009 WL 514254, at *4-5 (S.D. Cal. 2009); Cal. Civ. Code § 2924 subd. (a)(1).) Thereafter, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take sale." (Cal. Civ. Code § 2924(a)(3).)

Plaintiff admits to signing the promissory note and does not contest his failure to duly make his loan payments. (Compl., ¶ 21.) Given the undisputed default, pursuant to the terms of the promissory note and deed of trust, as well as subdivision (a)(1) of section 2924, the beneficiary was authorized to commence foreclosure proceedings.[4] (Cal. Civ. Code § 2924(a)(1).) Therefore, a notice of default was recorded on August 16, 2012. (RJN, Exhibit 3.) Plaintiff does not allege he cured, or attempted to cure, the arrearage on the Subject Loan. Therefore, on November 19, 2012, again pursuant to the terms of the deed of trust, as well as section 2924, ETS recorded a

---

[4] Although MERS was the original beneficiary, an "assignee of [a] note and deed of trust acquire[s] [the] right to exercise power of sale." (*Strike v. Trans-West Discount Corp.*, 92 Cal.App.3d 735 (1979).) On July 11, 2012, MERS assigned the beneficial interest in the Subject Loan to U.S. Bank Loan Trust. (See RJN, Exhibit 2.) In fact, although not required, this assignment was recorded on July 20, 2012. (*Parcray v. Shea Mortg., Inc,.* 2010 WL 1659369, at *11 (E.D. Cal. 2010) ["no requirement under California law for an assignment to be recorded in order for an assignee beneficiary to foreclose."].)

notice of trustee's sale on behalf of the duly assigned beneficiary, U.S. Bank Loan Trust. (*See* RJN Exhibits 2-4).) For these reasons, the foreclosure of the Property to date has been conducted in compliance with both the terms of the deed of trust and with governing California law.[5]

### 3. Plaintiff's Challenges To The Foreclosure Fail As A Matter Of Law

Plaintiff primarily alleges defendants lack authority to foreclose because he contends defendants are strangers to the promissory note and deed of trust. (Compl., ¶¶ 22-29; *see also* ¶¶ 32-34, 37, 39, 63, 64, 74, 76.) However, by operation of the assignment of deed of trust, U.S. Bank Loan Trust gained the beneficial interest in the Subject Loan and thereby, the right to enforce the security interest upon Plaintiff's undisputed default. (*See* RJN, Exhibit 2.) By signing the deed of trust, Plaintiff acknowledged MERS to be the beneficiary, acting as nominee for the lender or the lender's successors and assigns and agreed it was authorized to assign the beneficial interest in the Subject Loan.[6] Similarly, by signing the deed of trust, Plaintiff agreed the Subject Loan may be sold without prior notice to him and that such a sale may result in the change of the loan servicer. (RJN, Exhibit 1, ¶ 20.) Thus, Plaintiff cannot now challenge the involvement of GMAC Mortgage as the loan servicer. (Compl., ¶ 38.) Furthermore, the statutory scheme authorizes ETS to participate in the foreclosure as the agent of the beneficiary. (See Cal. Civ. Code § 2924 subd. (a)(1).); Cal Civ. Code § 2934a.) For these reasons, defendants are not strangers to the Subject Loan, but are, as a matter of law, authorized to enforce the promissory

---

[5] *See e.g.*, *Quach v. Bank of America, Nat. Ass'n.*, 2012 WL 4498873, at *1 (N.D. Cal., 2012) (the notice of default, assignment of deed of trust, and notice of trustee's sale sufficient to overcome the plaintiff's claim that the defendants were "third-party strangers to her mortgage loan and have no ownership interest entitling them to collect payment, declare a default or exercise a power of sale under a deed of trust.")

[6] "[A]ccording to express language of the [d]eed of [t]rust, MERS was vested with the right to foreclose…[and] '"MERS had the right to assign its beneficial interest to a third party."' (*Quach*, *supra*, 2012 WL 4498873, at *3 citing *Baisa v. Indymac Fed. Bank*, 2009 WL 3756682 (E.D. Cal. 2009); *see also, e.g., Morgera v. Countrywide Home Loans, Inc.*, 2010 WL 160348 (E.D. Cal. 2010) ("Courts have consistently found that MERS does in fact have standing to foreclose as the nominee of the lender.") (citations omitted); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149 (2011) (" 'MERS is the owner and holder of the note as nominee for the lender, and thus MERS can enforce the note on the lender's behalf.' ").)

note and deed of trust.

Plaintiff also alleges defendants lack authority to foreclose because he contends they are not the owners of the promissory note. (Compl., ¶¶ 18, 63.) However, "[u]nder section 2924, no party needs to physically possess the promissory note." (*Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) *citing* Cal. Civ. Code, § 2924(a)(1).) Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell." (*Moeller*, *supra*, 25 Cal.App.4th at 830.) An "allegation that [the foreclosing party] did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." (*Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).)

Plaintiff further alleges defendants lack authority to foreclose because he alleges the promissory note was separated from the deed of trust. (Compl., ¶¶ 34, 42-45.) Plaintiff does not allege any facts to support this conclusion. On the contrary, the relevant assignment provides the assignment includes both the deed of trust and the accompanying promissory note. (RJN, Exhibit 2.) Nevertheless, California courts have rejected such challenges to the foreclosure finding that the exhaustive non-judicial foreclosure scheme does not impose possession or production of the original promissory note as a precondition to a non-judicial foreclosure and non-judicial foreclosures are not governed by negotiable instrument law. (*See e.g.*, *Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal.App.4th 433, 440 (2012).)

For all these reasons, Plaintiff fails to state any actionable challenge to the ongoing foreclosure and the claims to quiet title and for declaratory relief should be dismissed.

**4. Plaintiff Fails To Plead The Elements Of A Quiet Title Claim**

Plaintiff's quiet title claim fails for all the foregoing reasons. As mentioned above, Plaintiff fails to allege tender. Such an averment is essential to a quiet title cause of action as a trustor cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." (*Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (citation omitted).) However, Plaintiff also fails to state facts sufficient to constitute the statutory elements of a quiet title claim. (Cal. Civ. Code § 761.020.) In fact, for the reasons stated in the previous section, he will be unable to do so. Therefore, the claim to quiet title should be dismissed.

### 5. Plaintiff Fails To Plead The Elements Of A Declaratory Relief Claim

Plaintiff's attempt to seek declaratory relief fails in addition to the reasons stated above because declaratory relief is not a claim—it is a remedy that must be tethered to some independent legal duty owed by the defendants to the plaintiff. (*McDowell v. Watson*, 59 Cal.App.4th 1155, 1159 (1997); *Cox Commc'ns PCS, L.P. v. City of San Marcos*, 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002).) The declaratory relief claim, therefore, cannot stand on its own. As has already been shown above and as set forth below, Plaintiff's other claims are defective. Consequently, there is nothing to support Plaintiff's fifth claim, and it should be dismissed.

For all the foregoing reasons, Plaintiff fails to state his first claim for quiet title and his fifth claim for declaratory relief and both claims should be dismissed against Defendants.

### B. Plaintiff Fails To State A Claim For Fraud Against U.S. Bank Loan Trust (2nd Claim)

Plaintiff fails to state a claim for fraud against U.S. Bank Loan Trust. Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct... so that they can defend against the charge and not just deny that they have done anything wrong." (*Vess v. Ciba-Geigy Corp. USA* 317 F.3d 1097 (9th Cir. 2003) (internal citations omitted).)

Here, Plaintiff bases his fraud claim upon his allegation that the signatory to the notice of default and notice of trustee's sale was not authorized to sign the documents. (Compl., ¶¶ 48-49.) Plaintiff does not plead this claim with the required level of particularity as his conclusory allegations are insufficient to show the "time, place, persons, statements made and an explanation of how or why such statements are false or misleading." (*Morris v. BMW of N. Am., LLC*, 2007 WL 3342612 at *3 (N.D. Cal. 2007); *citing In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).) Plaintiff is also required, but fails to "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke,

what they said or wrote, and when it was said or written." (*Saldate v. Wilshire Credit Corp.*, 2010 WL 624445 (E.D. Cal. 2010).)

Further problematically, he does not allege any facts to establish the essential elements of a fraud claim. The elements which must be pleaded to plead a fraud claim are "(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (5 Witkin, Summary of Cal. Law (9th ed., 1988) Torts, § 676, p. 778.) Plaintiff has not alleged any factual basis for concluding the signatory of the notice of default and notice of trustee's sale was not authorized to sign these notices. (Compl., ¶¶ 48-49.) Regardless, Plaintiff lacks standing to challenge the authority of the signatory. (*See e.g. Skelley v. Bank of America, N.A.*, 2012 WL 3656537 (S.D. Cal., 2012) ("Such conclusory allegations regarding authority are not enough to successfully state a claim challenging the foreclosure of the [p]roperty.").) Thus, Plaintiff fails to plead a misrepresentation. Plaintiff similarly fails to allege facts to establish any of the other elements, such as falsity, intent, reliance, and/or resulting damages.

For these reasons, the second claim for fraud should be dismissed against U.S. Bank Loan Trust without leave to amend.

**C.     Plaintiff Fails To State A Claim For Negligent Misrepresentation Against U.S. Bank Loan Trust (3rd Claim)**

Plaintiff also fails to state a claim for negligent misrepresentation against U.S. Bank Loan Trust. The elements of a negligent misrepresentation claim are (1) a false representation of fact with no reasonable basis to believe it to be true; (2) made with intent to induce a change in position to the recipient's detriment; (3) justifiable reliance; and (4) resulting damage. (*Eddy v. Sharp* 199 Cal.App.3d 858, 864 (1988).) Here, Plaintiff premises his claim for negligent misrepresentation upon claims proven erroneous as a matter of law as set forth above in section IV(A). For the reasons set forth therein, Plaintiff fails to plead a threshold misrepresentation. (Compl., ¶¶ 62-64.) Plaintiff also fails to plead the other essential elements to the claim, such as intent to induce a change in position, justifiable reliance, and/or resulting damage. For these

reasons, the third claim for negligent misrepresentation should be dismissed without leave to amend.

### D. Plaintiff Fails To State A Claim For Violation Of California Business And Professions Code Section 17200 Et Seq. Against U.S. Bank Loan Trust (4th Claim)

California's Unfair Competition Law is codified at California Business and Professions Code section 17200 *et seq.* (hereinafter, "UCL"). The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." (*Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.App.4th 1544, 1554 (2007).) This claim is derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff must "state with reasonable particularity the facts supporting the statutory elements of the violation." (*Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).)

First, Plaintiff does not sufficiently demonstrate standing. "To have standing, a plaintiff must sufficiently allege that (1) he has lost money or property… and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact." (*Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010).) Plaintiff alleges no facts to establish these elements. Plaintiff has not alleged any loss of money. Plaintiff also has not alleged an actual loss of property as he remains in possession of the Property. (*Argueta v. J.P. Morgan Chase*, 2011 WL 2619060, at *6 (E.D. Cal. 2011).) Plaintiff further has not pled any nexus between the alleged injury and the alleged misconduct. Even if there were defects in the foreclosure notices (and there were not), Plaintiff has not alleged how he has been prejudiced or placed in any different a position had the alleged defects not occurred. (*Debrunner, supra*, 204 Cal.App.4th at p. 443.) Thus, Plaintiff lacks standing to assert a UCL claim.

Even if Plaintiff had standing (although he does not), he fails to plead the UCL claim with sufficiently particularity and/or "identif[y] [the] particular section of the statutory scheme which was violated." (*Khoury, supra*, 14 Cal.App.4th at p. 619.) Plaintiff's allegations amount to nothing more than conclusions of law. (Compl., ¶¶ 69-70.)

In addition to the foregoing dispositive defects, Plaintiff cannot maintain a claim for violation of the UCL because he has not sufficiently demonstrated any predicate unlawful or

fraudulent conduct on the part of U.S. Bank Loan Trust as his various claims fail as addressed herein. (*DiPirro v. American Izzu Motors Inc.*, 119 Cal.App.4th 966 (2004).) Moreover, Plaintiff does not demonstrate any unfair practice by U.S. Bank Loan Trust as he has not alleged "conduct that is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law." (*Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1366 (2010).)

For all these reasons, Plaintiff fails to state a claim for violation of the UCL against U.S. Bank Loan Trust.

## V.  CONCLUSION

Based on the foregoing, the moving defendants respectfully request that the Court grant their motion to dismiss and do so with prejudice and without leave to amend.

DATED: February 4, 2013

SEVERSON & WERSON
A Professional Corporation

By: ___/s/ Kimberly A. Paese___
Mary Kate Sullivan
Kimberly A. Paese

Attorneys for Defendants
U.S. Bank, N.A. AS TRUSTEE FOR RFMSI 2006-SA2 (erroneously sued herein in its individual capacity as "US Bank National Association" ), GMAC MORTGAGE, LLC(erroneously sued herein as "GMAC Mortgage"), and EXECUTIVE TRUSTEE SERVICES, LLC